IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PNC BANK, N.A.,                    )
                                   )
            Plaintiff,             )
                                   )
      v.                           )    Civil Action No. 04-1576
                                   )
UNITED STATES OF AMERICA,          )    Judge Cercone
                                   )    Magistrate Judge Hay
            Defendant.             )

**MEMORANDUM ORDER**

The Defendant has moved to stay the proceedings in the above-entitled action until the dismissal of or issuance of a mandate in the case of Reese Bros., Inc. v. United States, Docket no. 05-2135 in the United States Court of Appeals for the Third Circuit.  It appears that the matter at issue in the Reese Bros. case is identical to that in the instant case, that is, the interpretation of the federal communications excise tax statute, 26 U.S.C. § 4251 et. seq., as it applies to long distance telephone calls where the charges for such calls vary by elapsed transmission time, but not by the distance traveled by each individual communication.

The power to stay proceedings is incidental to the power inherent in the court power to control the disposition of cases on its docket "with economy of time and effort for itself, for counsel, and for litigants."  Landis v. North American Co., 299 U.S. 248, 254 (1936); see also Bechtel Corp. v. Local 215, Laborers' Intern. Union of North America, 544 F.2d 1207, 1215 (3d

Cir. 1976).  When presented with a request for a stay, the Court "must weigh competing interests and maintain an even balance." Id. at 254-55.  The competing interests are: (1) the length of the stay; (2) the balance of harm to the parties; and (3) whether a stay will simplify issues and promote judicial economy. Smithkline Beecham Corp. v. Apotex Corp., 2004 WL 1615307, *7 (E.D.Pa. July 16, 2004) (citing Cheyney State Coll. Faculty v. Hufstedler, 703 F.2d 732, 737-38 (3d Cir. 1983).

On balance and consideration of these factors, this Court must deny Defendant's motion.  First, although it appears that the Reese Bros. case has been briefed by the parties, there is no indication that the Circuit will reach the case on its merits.  Assuming the Circuit reaches the merits of the case, there is no way to determine how long it will be until a final decision on the merits is rendered, considering the possibility of a remand and/or further appeal.  Second, the Defendant made its motion at the conclusion of discovery, after the parties had expended time and resources in this case, and, thus, there would appear to be no substantial savings in time or expenses to the parties by entering a stay.  Indeed, the Plaintiff has filed its motion for summary judgment and the Defendant's response is due in a few weeks.  It would seem at this point that delay would only serve to harm both parties.   Third, it appears that there is but one issue in both cases and, thus, it seems unlikely that

any decision by the Circuit would simplify the issue in the

instant case.

Accordingly, for the above stated reasons, this 24th

day of October, 2005, IT IS HEREBY ORDERED that the United

States' Motion to Stay Proceedings (doc. no. 18) is DENIED.

BY THE COURT,

/s Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

cc:   John H. Riordan, Jr., Esquire
      Amy J. Herne, Esquire
      Polito & Smock
      Four Gateway Center
      Suite 400
      Pittsburgh, PA 15222

      Joseph A. Boyle, Esquire
      Jacob J. Miles, Esquire
      Paul L. Kattas, Esquire
      Kelley, Drye & Warren
      101 Park Avenue
      New York, NY 10178

      Michael C. Colville
      Assistant United States Attorney
      700 Grant Street, Suite 400
      Pittsburgh, PA 15219

      Ivan C. Dale
      Trial Attorney, Tax Division
      U.S. Department of Justice
      P.O. Box 227
      Ben Franklin Station
      Washington, D.C. 20044