IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PNC BANK, N.A., Plaintiff, | ) | |
| vs. | ) | Civil Action No. 04-1576 |
| THE UNITED STATES OF AMERICA, Defendant. | ) | Judge Cercone<br>Magistrate Judge Hay |

REPORT AND RECOMMENDATION

I. Recommendation

It is respectfully recommended that the motion for summary judgement submitted on behalf of Plaintiff PNC Bank, N.A. (Docket No. 37) be granted. It is further recommended that the motion for summary judgment submitted on behalf of Defendant United States of America (Docket No. 46) be denied.

II. Report

Plaintiff, PNC Bank, N.A., brings this action against the United States of America pursuant to 28 U.S.C. § 1346(a)(1), seeking to recover federal telecommunications excise taxes that it paid for the quarters ending March 31, 2003 through June 30, 2003.

Presently before this Court for disposition are cross motions for summary judgment. For the reasons that follow, the motion filed by the United States should be denied and the motion filed by Plaintiff should be granted.

Facts

Plaintiff is a Pennsylvania corporation with its corporate headquarters and principal place of business located in Pittsburgh, Pennsylvania. During the quarters ended March 31, 2003 through June 30, 2003, Plaintiff purchased telecommunications services pursuant to contracts with AT&T, MCI and Sprint. (Kunz Decl. ¶¶ 2-3.)[1]

Plaintiff submits that:

> Based on the terms of each of these telecommunications contracts, Plaintiff was charged for telecommunications services based solely upon the elapsed transmission time of each call.
>
> The distance of each call had no impact on the amount Plaintiff was charged.
>
> The telecommunications services purchased by Plaintiff were billed on a per minute basis for each separate call made.
>
> Plaintiff did not have the ability to make an unlimited number of calls within a specified geographic region for a flat or periodic fee.

(Kunz Decl. ¶¶ 4-7.) Defendant disputes these factual assertions and contends that the carriers charged PNC for its long-distance calls based on the elapsed time of the call and the toll rate set by the carriers, which depended upon the destination of each call and whether the call was being made to an intrastate, interstate or international destination. However, Defendant provides no support for its assertions.

Plaintiff paid federal telecommunications excise taxes in the amount of $177,227.59 for the taxable quarters ended March 31, 2003 through June 30, 2003. On November 5, 2003, Plaintiff filed a timely refund with the Internal Revenue Service ("IRS") Center in Cincinnati, Ohio for the quarters ended March 31, 2003 through June 30, 2003. The claim was for

[1] Docket No. 37-2.

$177,227.59, plus interest, as provided by law. The IRS denied Plaintiff's claim for a refund of the federal telecommunications excise taxes paid. (Kunz Decl. ¶¶ 8-10.)

Procedural History

Plaintiff filed this action on October 13, 2004. It asserts jurisdiction pursuant to 28 U.S.C. § 1346(a)(1) and seeks a refund of the telecommunications excise taxes paid.

On October 17, 2005, Plaintiff filed a motion for summary judgment on liability. On November 22, 2005, Defendant filed a cross-motion for summary judgment.

Standard of Review

Summary judgment is appropriate "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Woodside v. School Dist. of Philadelphia Bd. of Educ., 248 F.3d 129, 130 (3d Cir. 2001) (quoting Foehl v. United States, 238 F.3d 474, 477 (3d Cir. 2001) (citations omitted)). In following this directive, a court must take the facts in the light most favorable to the non-moving party, and must draw all reasonable inferences and resolve all doubts in that party's favor. Doe v. County of Centre, Pa, 242 F.3d 437, 446 (3d Cir. 2001); Woodside, 248 F.3d at 130; Heller v. Shaw Indus., Inc., 167 F.3d 146, 151 (3d Cir. 1999).

When the non-moving party will bear the burden of proof at trial, the moving party's burden can be "discharged by 'showing'–that is, pointing out to the District Court–that there is an absence of evidence to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party has carried this burden, the burden shifts to the non-moving party who cannot rest on the allegations of the pleadings and must "do more than simply

show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Telecommunications Excise Tax

Section 4251 of the Internal Revenue Code ("the Code"), imposes a three percent tax on amounts paid for "communications services," which includes "toll telephone service." 26 U.S.C. §§ 4251(a)(1), (b)(1), (b)(2).[2] Although the person paying for the telephone service is responsible for the tax imposed, § 4251(a)(2), the service provider is required to collect the tax from its customers and remit it to the government. American Bankers Ins. Group v. United States, 408 F.3d 1328, 1331 (11th Cir. 2005) (ABIG II"). The Code further defines "toll telephone service" as:

> (1) a telephonic quality communication for which (A) there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication and (B) the charge is paid within the United States, and
>
> (2) a service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time), to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is outside the local telephone system area in which the station provided with this service is located.

26 U.S.C. § 4252(b).

This version of § 4252 was adopted in 1965, see Excise Tax Reduction Act of 1965, Pub.L. 89-44, § 302, 79 Stat. 136, 146. In so doing,"Congress sought to define the method of service provided by AT&T, the company, at the time of enactment, holding a monopoly on all long-distance telephone services." ABIG II, 408 F.3d at 1333. AT&T offered either Message

[2] Exemptions from the tax are listed in § 4253. None of the exemptions is applicable in this case.

Telephone Service ("MTS"), where subscribers were charged based on tolls which were calculated according to the elapsed time of each telephone call and the mileage band that corresponded to the actual distance of the call, or Wide Area Telephone Service ("WATS"), where subscribers were charged a flat fee for unlimited calls or calls up to a certain hourly limit. Id.

Since then, however, largely because AT&T no longer has a monopoly and wireless service has been introduced, the billing methods for long distance services have changed. Indeed, AT&T and other long distance carriers have abandoned the mileage bands and have aggregated them into one band that covers the entire continental United States. (Pearce Decl. ¶¶ 29, 35.)[3] Thus, it appears that charges for interstate long distance services no longer vary by the distance of the call. (Vasington Decl. ¶ 16.)[4]

Plaintiff contends that because the toll rates for long distance services are no longer dependent on mileage bands and because § 4252(b)(1) plainly imposes the tax on long distance services only where the charges are based on both the distance of the call and the elapsed transmission time of a call, the services provided to it are not subject to the tax.

Defendant, on the other hand, argues that the nature of the word "and" in this particular context renders the statute ambiguous thereby requiring the Court to look beyond the statute to decipher its meaning. Defendant contends that the legislative history as well as an IRS revenue ruling which interprets § 4252(b)(1) indicate that Congress intended for all long-distance calls to

---

[3] Docket No. 46-3.

[4] Docket No. 46-2.

be taxed and that, to give effect to that intent, the word "and" as used in § 4252(b)(1) is properly construed as "or."

I addressed this same issue in a Report and Recommendation in the case of Reese Brothers, Inc. v. United States, Civ. A. No. 03-745. The Report and Recommendation (Docket No. 25), which recommended granting the plaintiff's motion for summary judgment and denying the cross-motion for summary judgment filed by the defendant, was subsequently adopted by Judge McVerry (Docket No. 30). See Reese Bros., Inc. v. United States, 2004 WL 2901579 (W.D. Pa. Nov. 30, 2004). In the Reese Brothers case, this Court rejected all of the arguments Defendant made and makes again herein.

At that time (October-November 2004), four other district courts had rendered opinions on this issue, three of them reaching the same conclusion in favor of the taxpayer. Compare OfficeMax v. United States, 309 F. Supp. 2d 984 (N.D. Ohio 2004) (finding that, under plain meaning of § 4252(b)(1), charges had to vary with both distance and elapsed time to be taxable), Fortis, Inc. v. United States, 2004 WL 2085528 (S.D.N.Y. Sept. 16, 2004) (same), and National R.R. Passenger Corp. v. United States, 338 F. Supp. 2d 22 (D.D.C. 2004) ("Amtrak") (same), with American Bankers Ins. Group, Inc. v. United States, 308 F. Supp. 2d 1360 (S.D. Fla. 2004) ("ABIG") (finding, based on the purpose of §§ 4251 and 4252, that long distance service was taxable even though charges were based on time and not distance).

Since that time, the district court opinions in OfficeMax and Amtrak have been affirmed by the Sixth and District of Columbia Circuits, respectively. See OfficeMax, Inc. v. United States, 428 F.3d 583 (6th Cir. 2005); National R.R. Passenger Corp. v. United States, 431 F.3d 374 (D.C. Cir. 2005) ("Amtrak II"). More importantly, the Court of Appeals for the Eleventh

Circuit has reversed the District Court for the Southern District of Florida on appeal of the ABIG case. See American Bankers Ins. Group, Inc. v. United States, 408 F.3d 1328 (11th Cir. 2005) ("ABIG II"). Thus, the only opinion upon which the United States was previously able to rely has been removed from the legal landscape. Three additional district courts have also reached the same conclusion as the courts in OfficeMax, ABIG II, Amtrak II, Reese Brothers and Fortis. See Hewlett-Packard Co. v. United States, 2005 WL 1865419 (N.D. Cal. Aug. 5, 2005); America Online, Inc. v. United States, 64 Fed. Cl. 571 (Fed. Cl. 2005); Honeywell Int'l, Inc. v. United States, 64 Fed. Cl. 188 (Fed. Cl. 2005).

Defendant's arguments are identical to those presented in Reese Brothers and/or the other cases cited above, all of which rejected them. Briefly, they are as follows:

The statute is ambiguous. This argument is rejected because: 1) "unless the context dictates otherwise, the word 'and' is presumed to be used in its ordinary sense, that is, conjunctively," ABIG II, 408 F.3d at 1332; Reese Bros., 2004 WL 2901579, at *4; 2) although this presumption may be overcome if it produces an absurd result, Lamie v. United States Trustee, 540 U.S. 526, 534 (2004), as occurred in Slodov v. United States, 436 U.S. 238 (1978), and United States v. American Trucking Associations, 310 U.S. 534 (1940), there is nothing unusual or absurd about requiring a telephone toll charge to vary both with distance and time before subjecting it to tax, OfficeMax, 428 F.3d at 590; Reese Bros., 2004 WL 2901579, at *7; 3) the word "distance" is not shorthand for "toll rate," OfficeMax, 428 F.3d at 596; and 4) the legislative history does not compel a different result, OfficeMax, 428 F.3d at 592; Reese Bros., 2004 WL 2901579, at *8. On the contrary:

> Congress was seeking to modify and narrow the definition and to phase this excise tax out entirely by 1969. Congress could have amended the language in 1965 to include broad terms able to adapt to technological changes; instead, Congress specifically defined "toll telephone service" with an eye toward the tax expiring four years later.
>
> > Consequently, now, forty years later, if the statutory language no longer fits the infrastructure of the industry, the IRS needs to ask for congressional action to bring the statute in line with today's reality. It cannot create an ambiguity that does not exist or misinterpret the plain meaning of statutory language to bend an old law toward a new direction.

ABIG II, 408 F.3d at 1333 (citations omitted).

The Court should rely on Revenue Ruling 79-404, which held that ship-to-shore satellite service that charged users without reference to distance satisfied the definition of "toll telephone service" in § 4252(b). This argument is rejected because: 1) the IRS conceded in the Revenue Ruling that its interpretation was contrary to the literal language of the statute but argued that it nonetheless served the function Congress intended, a method of analysis that the Supreme Court has expressly rejected, Amtrak II, 431 F.3d at 377-78; 2) the one-page analysis of the ruling does not contain the traditional hallmarks for receiving deference, regardless of the standard and it does not have the "power to persuade," OfficeMax, 428 F.3d at 594-95; and 3) the statute is clear and unambiguous and therefore no deference to a revenue ruling is required, ABIG II, 408 F.3d at 1334-35; Reese Bros., 2004 WL 2901579, at *9 (citing Mercy Catholic Med. Ctr. v. Thompson, 380 F.3d 142, 152 (3d Cir. 2004)).

Because Congress has reenacted the excise tax since 1979, it should be deemed to have approved the conclusion of Revenue Ruling 79-404. This argument is rejected because, when the statutory language is unambiguous and the regulation at odds with it, and when there is no

evidence that Congress was aware of a revenue ruling when it subsequently amends and reenacts a statute, the reenactment doctrine does not apply, Brown v. Gardner, 513 U.S. 115, 121 (1994). See Amtrak II, 431 F.3d at 378; OfficeMax, 428 F.3d at 596; ABIG II, 408 F.3d at 1335-36; Reese Bros., 2004 WL 2901579, at *11-12.

Distance is a factor in calculating the charges assessed for Plaintiff's long-distance communication services. This argument should be rejected because "the differences in rates do not serve as a proxy for call distance, but instead accommodate the FCC's regulatory jurisdiction over interstate and international calls and the states' regulatory jurisdiction over intrastate calls," OfficeMax, 428 F.3d at 596-97 (citations omitted). See Reese Bros., 2004 WL 2901579, at *12-13.

Plaintiff's telecommunications services are taxable under § 4252(b)(2). This argument should be rejected because Plaintiff's services do not allow it to make "unlimited calls" for a "flat amount" or "periodic" charge. (Kunz Decl. ¶ 7.) Nor were they billed on a "flat rate" method, but instead Plaintiff was charged an amount that varied based on the duration of each individual call. (Kunz Decl. ¶¶ 4, 6-7.) On the contrary, Plaintiff's phone service "levels charges for each call made, eschewing any reasonable definition of 'unlimited' and allows calls to any non-local portion of the country, stretching the limits of 'specified area.'" OfficeMax, 428 F.3d at 599. See Reese Bros., 2004 WL 2901579, at *13-14.

Plaintiff's services are "local telephone services" under § 4252(a) because Congress intended to use the term as a catchall for any services not explicitly exempted from the tax under § 4253. This argument should be rejected because it awkwardly (and without support) suggests that Congress intended to make the entire United States part of one "local telephone system" and

because it mischaracterizes the structure of the statute, in which § 4251 sets out which items will be taxed, § 4252 defines the terms and § 4253 grants exemptions to certain services. ABIG II, 408 F.3d at 1337-38; Reese Bros., 2004 WL 2901579, at *14-15.

In summary, the Court should conclude that the excise tax in § 4251 unambiguously applies only to a service for which there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication. Because Plaintiff's telecommunications services did not meet these requirements, the tax did not apply. Plaintiff's motion for summary judgment on liability should be granted and Defendant's cross-motion for summary judgment should be denied.

For these reasons, it is recommended that the motion for summary judgement submitted on behalf of Plaintiff PNC Bank, N.A. (Docket No. 37) be granted. It is further recommended that the motion for summary judgment submitted on behalf of Defendant United States of America (Docket No. 46) be denied.

Within ten (10) days of being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

Dated: 12 April, 2006

cc: Hon. David S. Cercone
United States District Judge

John H. Riordan, Jr., Esquire
Polito & Smock
Four Gateway Center
Suite 400
Pittsburgh, PA 15222

Joseph A. Boyle, Esquire
Jacob J. Miles, Esquire
Paul L. Kattas, Esquire
Kelley, Drye & Warren
101 Park Avenue
New York, NY 10178

Michael C. Colville
Assistant United States Attorney
700 Grant Street, Suite 400
Pittsburgh, PA 15219

Ivan C. Dale
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044